IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE RUMSON GROUP LLC<br>261 Old York Road<br>Suite 810<br>Jenkintown, PA 19046<br>　　　　Plaintiff<br><br>　　　　v.<br><br>STEVEN BEDA<br>45 Mount Drive<br>West Long Branch, NJ 07764<br>　　　　and<br>STAR FINANCIAL GROUP, INC.<br>45 Mount Drive<br>West Long Branch, NJ 07764<br>　　　　and<br>REED COLLINGWOOD<br>27127 137th Street<br>Scottsdale, AZ 85262-7890<br>　　　　and<br>SUNSTAR FINANCIAL SERVICES, INC.<br>40 Lake Bellevue Drive<br>Suite 100<br>Bellevue, WA 98005-2480<br>　　　　and<br>ALFRED PETERMANN<br>780 122nd Avenue, N.E.<br>Bellevue, WA 98005<br>　　　　and<br>SEDONA LIMITED, L.L.C.<br>780 122nd Avenue, N.E.<br>Bellevue, WA 98005<br>　　　　Defendants | CIVIL ACTION<br><br><br><br>NO.: 09-cv-4447 |

## CIVIL ACTION AMENDED COMPLAINT

Plaintiff, The Rumson Group LLC., by and through its undersigned counsel, Cipriani & Werner, P.C. complains against Defendants as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction of this matter under 28 U.S.C. Section 1332 in that this is a civil action brought against citizens of different states.

2.      Venue is proper in this district under and pursuant to 28 U.S.C. §1391(a) in that this is the judicial district in which Plaintiff operates its business and in which a substantial part of the events and omissions giving rise to the claim occurred.

## PARTIES TO THE ACTION

3.      The Rumson Group LLC ("Rumson") is a Pennsylvania limited liability company with offices located at 261 Old York Road, Suite 810, Jenkintown, Pennsylvania 19046.

4.      Defendant, Steven Beda ("Beda") is an adult individual and resident of the state of New Jersey with an address of 45 Mount Drive, West Long Branch, New Jersey 07764.

5.      Defendant, Star Financial Group, Inc. ("Star") is a New Jersey corporation with an address of 45 Mount Drive, West Long Branch, New Jersey 07764. At all times relevant hereto, Beda has been an officer and sole shareholder of Star.

6.      Defendant, Reed Collingwood ("Collingwood") is an adult individual and resident of the state of Arizona with an address of 27127 137th Street, Scottsdale, Arizona 85262-7890.

7.      Defendant, Sunstar Financial Services, Inc. ("Sunstar") is a Washington corporation with an address of 40 Lake Bellevue Drive, Suite 100, Bellevue, Washington 98005-2480. At all times relevant hereto, Collingwood has been an officer of Sunstar.

8.      Defendant, Alfred Petermann ("Petermann") is an adult individual and resident of the state of Washington with an address of 780 122nd Avenue, N.E., Bellevue, Washington 98005.

9. Defendant, Sedona Limited, L.L.C. ("Sedona") is a Washington corporation with an address of 780 122nd Avenue, N.E., Bellevue, WA 98005-3045. At all times relevant hereto, Petermann has been an officer of Sunstar.

## SUMMARY OF FACTS

10. For nearly 10 years, Rumson has operated a life insurance settlement business in the Delaware Valley that has provided services to individuals who are interested in selling their life insurance policies to third parties for less than the face value of the policy.

11. In and around March 2009, Rumson was approached by Beda, a New Jersey life insurance agent, who offered to Rumson the opportunity to become involved in a program where a Tribal Foundation was taking donations of insurance policies from interested third party donors.

12. In particular, and among other details, Beda discussed a program (the "Program") where people over the age of 70 (all affluent individuals and accredited investors), would donate their life insurance policies to the Yankton Sioux Tribe Charitable Foundation a/k/a the Yankton Sioux Charitable Foundation (the "Foundation").

13. The program entailed having insured's who owned life insurance policies where the death benefits were typically in excess of $5,000,000.00, donate their polices to the Foundation in exchange for which the Foundation would issue an IRS Form 8283 acknowledging the Foundation's value of the donation.

14. At the time that the Program was presented by Beda to Rumson, Beda advised that he had been introduced to the Program by Collingwood. Upon information and belief, Collingwood was working with Petermann in connection with offering the Program to interested life settlement companies, such as Rumson.

15. At the time of Beda's initial presentation of the Program to Beda, certain materials were provided. Amongst those materials, Beda provided an "Authorization Package" signed by Petermann "as proof that the [Foundation] is a recognized IRC Section 7871 Tribe operating under the powers granted through a Department Treasury and Department of Interior approved sovereign constitutional government…"

16. The materials provided by Beda to Rumson also included a letter dated August 1, 2007 from the United States Department of Treasury to the Foundation that confirmed the applicability of the IRS Form 8283's in connection with life insurance policy donations.

17. At the time that Beda presented the Program to Rumson, it was represented by him that the Foundation specifically established the Program to support the Foundation's endowment building goals and to establish asset value on behalf of the Foundation and its membership.

18. During this time, Rumson engaged in several telephone conversations and e-mail exchanges with Petermann and Collingwood to discuss marketing of the Program, the applicability of the IRS Form 8283, the value of the donated policies, the qualifications of the Foundation's appraiser and the issue of fees.

19. Following a tremendous amount of due diligence by Rumson regarding the Program (which due diligence included, among other things, engaging independent attorneys, accountants and appraisers to evaluate all aspects of the Program), Rumson decided to introduce the Program to select clients.

20. By May, 2009, Rumson found 4 clients with $45,000,000.00 in face value insurance benefits that were willing to donate their policies to the Foundation in exchange for receiving the IRS Form 8283.

21. In exchange for sourcing policies for the Foundation, Beda agreed to compensate Rumson in the amount of 1% of the face value of the donated policies.

22. On June 10, 2009, Rumson and Beda entered into a Fee Agreement whereby Beda's company, Star agreed to pay Rumson 1% of the face value of all policies donated by Rumson's clients to the Program. The Fee Agreement specifically provides that the fee to Rumson shall be paid "within 15 calendar days of the [Foundation's] receipt of confirmation/acknowledgment of ownership change from insurance carrier to reflect the new owner [as the Foundation]."

23. In connection with the aforementioned Fee Agreement, Beda represented to Rumson that his (Beda's) fee (2%) was to paid by Petermann and/or Collingwood and/or Sunstar and/or Sedona.

24. The condition precedent of payment by Beda/Star pursuant to the Fee Agreement has been met by the Foundation's receipt of confirmation/acknowledgement of ownership change from the applicable insurance carrier of the policies donated by Rumson's clients to the Program.

25. As a result of the foregoing, Rumson is due approximately $450,000.00 in fees, none of which has ever been received.

## COUNT I
## BREACH OF CONTRACT
### Rumson v. Beda and Star

26. Rumson incorporates herein by reference the allegations contained in paragraphs 1 through 25 above as though set forth in their entirety.

27. As set forth herein, Rumson and Beda/Star entered into an agreement under the terms of which Rumson clients donated their life insurance policies to the Program in exchange for the receipt of an IRS Form 8283.

28. For this service provided by Rumson, Beda/Star agreed to pay Rumson 1% of the face value of all policies donated by Rumson's clients to the Program.

29. Defendants breached that agreement by, among other things, failing to pay Rumson a fee within 15 calendar days of the [Foundation's] receipt of confirmation/acknowledgment of ownership change from insurance carrier to reflect the new owner [as the Foundation]; which confirmation/acknowledgment has been made.

30. As a direct and proximate cause of Defendants' breach of contract as aforesaid, Rumson has suffered damages in excess of the jurisdictional limit, exclusive of interest and costs.

**WHEREFORE**, Rumson demands judgment against Defendants in an amount in excess of the jurisdictional limit, together with interest, costs, and such further relief as is just and equitable.

## COUNT II
## QUANTUM MERUIT
### Rumson v. Beda and Star

31. Rumson incorporates herein by reference the allegations contained in paragraphs 1 through 30 above as though set forth in their entirety.

32. As more fully set forth herein, Rumson conferred a valuable benefit upon Defendants by performing services for Defendants.

33. Rumson expended time and labor in performing services for Defendants, which Defendants used, accepted and enjoyed as a result of Rumson's efforts.

34. Rumson reasonably expected to be paid for performing services for Defendants.

35. Defendants have failed and refused to make payment to Rumson for services performed by Rumson on Defendants' behalf.

36. As more fully set forth above, it is inequitable for Defendants to retain the benefits provided to Defendants by Rumson without compensating Rumson for such benefits.

37. As a direct and proximate result of Defendants' conduct, Rumson has suffered damages in excess of the jurisdictional limit, exclusive of interest and costs.

**WHEREFORE**, Rumson demands judgment against Defendants in an amount in excess of the jurisdictional limit, together with interest, costs, and such further relief as is just and equitable.

### COUNT III
### UNJUST ENRICHMENT
### Rumson v. Beda and Star

38. Rumson incorporates herein by reference paragraphs 1 through 37 as though set forth in their entirety.

39. Defendants have benefited from the use of Rumson's services.

40. Defendants have failed and/or refused to pay Rumson, and therefore, Defendants have been unjustly enriched at the expense of Rumson.

**WHEREFORE**, Rumson demands judgment against Defendants in an amount in excess of the jurisdictional limit, together with interest, costs, and such further relief as is just and equitable.

## COUNT IV
## THIRD PARTY BENEFICIARY
## Rumson v. Collingwood/Sunstar

41. Rumson incorporates herein by reference the allegations contained in paragraphs 1 through 37 above as though set forth in their entirety.

42. As more fully set forth herein, Rumson conferred a valuable benefit upon Defendants by performing services for Defendants for which it has not been paid.

43. Beda and Star represented to Rumson that a one (1%) percent fee would be paid to Rumson under and pursuant to a contractual relationship Beda and/or Star had with Petermann and/or Collingwood and/or Sunstar and/or Sedona.

44. Collingwood and/or Sunstar knew of the contractual relationship between Rumson on the one hand and Beda/Star on the other hand to which Rumson was an intended third party beneficiary.

45. As a direct and proximate result of Defendants' conduct, Rumson has suffered damages in excess of the jurisdictional limit, exclusive of interest and costs.

**WHEREFORE**, Rumson demands judgment against Defendants in an amount in excess of the jurisdictional limit, together with interest, costs, and such further relief as is just and equitable.

## COUNT V
## UNJUST ENRICHMENT
## Rumson v. Collingwood/Sunstar

46. Rumson incorporates herein by reference paragraphs 1 through 45 as though set forth in their entirety.

47. Defendants have benefited from the use of Rumson's services.

48. Defendants have failed and/or refused to pay Rumson, and therefore, Defendants have been unjustly enriched at the expense of Rumson.

**WHEREFORE**, Rumson demands judgment against Defendants in an amount in excess of the jurisdictional limit, together with interest, costs, and such further relief as is just and equitable.

### COUNT VI
### THIRD PARTY BENEFICIARY
### Rumson v. Petermann/Sedona

49. Rumson incorporates herein by reference the allegations contained in paragraphs 1 through 48 above as though set forth in their entirety.

50. As more fully set forth herein, Rumson conferred a valuable benefit upon Defendants by performing services for Defendants.

51. Beda and Star represented to Rumson that a one (1%) percent fee would be paid to Rumson under and pursuant to a contractual relationship Beda and/or Star had with Petermann and/or Collingwood and/or Sunstar and/or Sedona.

52. Petermann and/or Sedona knew of the contractual relationship between Rumson on the one hand and Beda/Star on the other hand to which Rumson was an intended third party beneficiary.

53. As a direct and proximate result of Defendants' conduct, Rumson has suffered damages in excess of the jurisdictional limit, exclusive of interest and costs.

**WHEREFORE**, Rumson demands judgment against Defendants in an amount in excess of the jurisdictional limit, together with interest, costs, and such further relief as is just and equitable.

## COUNT VII
## UNJUST ENRICHMENT
## Rumson v. Petermann/Sedona

54. Rumson incorporates herein by reference paragraphs 1 through 53 as though set forth in their entirety.

55. Defendants have benefited from the use of Rumson's services.

56. Defendants have failed and/or refused to pay Rumson, and therefore, Defendants have been unjustly enriched at the expense of Rumson.

**WHEREFORE**, Rumson demands judgment against Defendants in an amount in excess of the jurisdictional limit, together with interest, costs, and such further relief as is just and equitable.

CIPRIANI & WERNER, P.C.

BY: _____
BRETT A. DATTO, ESQUIRE
Attorneys for Plaintiff
450 Sentry Parkway
Suite 200
Blue Bell, PA 19422

Date: October 13, 2009